361 So.2d 203 (1978)
Ruby Anderson FISHER, Appellant,
v.
STATE of Florida, Appellee.
No. GG-148.
District Court of Appeal of Florida, First District.
July 20, 1978.
Rehearing Denied August 23, 1978.
Robert Stuart Willis, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
MILLS, Acting Chief Judge.
The issue determinative of this appeal is whether the trial court erred in allowing a medical examiner to testify for the State, over the defendant's objection, that in his *204 opinion the knife wounds found on the victim's body were inflicted by a woman.
Mrs. Fisher and her husband were charged by indictment with first degree murder and grand larceny. In return for a statement implicating his wife in the death of the victim, Fisher was permitted to plead guilty to second degree murder with an understanding that he would receive a sentence of no more than ten years in prison. A jury found Mrs. Fisher guilty of third degree murder and grand larceny. She was sentenced to fifteen years imprisonment for the murder conviction and five years imprisonment for the larceny conviction, the sentences to be served consecutively. She appeals.
At the trial, Fisher testified that his wife, who was seated on the rear seat of the victim's car, began arguing with the victim, who was seated on the passenger side of the front seat, got a knife from somewhere and began stabbing the victim.
The medical examiner, a forensic pathologist, described the stab wounds and over objection stated that the knife wounds were more characteristic of those made by a woman than those made by a man. On cross-examination, the medical examiner admitted that he didn't know whether it was true that men were more handy with a knife than women and that his opinion that the knife wounds were more characteristic of those made by a woman was not based on scientific evidence but was merely his general belief.
We reverse. The medical examiner admitted that he had no knowledge of a scientific nature from which he could justify the opinion he offered. He acknowledged that his assumption that the stab wounds were inflicted by a woman was not based on any scientific evidence or established fact. He admitted that he had no knowledge of the individual strength and capacity of Mrs. Fisher and her husband. He agreed that his opinion was simply based on vague notions of stereotyped characteristics of the men and the women in our culture and it bore no relationship to Mrs. Fisher other than she was a woman.
The witness was not qualified by knowledge, skill, experience, training or education to express the opinion stated. Nor were there facts adduced at trial to support the opinion. Under the facts of this case, many unstated here because unnecessary to this decision, the opinion was damaging and prejudicial to Mrs. Fisher.
Mrs. Fisher contends the trial court made other errors. We have considered her arguments, both oral and written, and do not find substantial merit in them. A recitation of the reasons here would add nothing to the law of our State or to this decision.
The issue resolved by this appeal has nothing to do with the larceny conviction. We, therefore, affirm the judgment adjudicating Mrs. Fisher guilty of larceny.
We reverse the judgment adjudicating her guilty of third degree murder and remand this case for a new trial on this issue.
BOYER and ERVIN, JJ., concur.